# In the Matter of SELIG ROSENZWEIG, an Attorney, Resignor.

Second Department, April 13, 1992

### APPEARANCES OF COUNSEL

*Selig Rosenzweig,* resignor *pro se.*

*Frank A. Finnerty, Jr. (Grace D. Moran* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Selig Rosenzweig has submitted an affidavit, dated October 7, 1991, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Rosenzweig was admitted to the practice of law by the Appellate Division of the Supreme Court, First Judicial Department, on March 31, 1969.

Mr. Rosenzweig acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judi-

cial District concerning allegations of professional misconduct concerning the mishandling of escrow moneys. He acknowledges that he converted to his own use and benefit the sums of $9,000 and $95,000, with which he was entrusted in two separate real estate transactions.

Mr. Rosenzweig indicates that his resignation is freely and voluntarily tendered, that he is not being subject to coercion or duress, that he is fully aware of the implications of submitting his resignation, and that he could not successfully defend himself on the merits against disciplinary charges based upon the aforementioned allegations.

Mr. Rosenzweig further acknowledges that he could be required, pursuant to Judiciary Law § 90 (6-a), to make monetary restitution to any person whose money or property has been misapplied, in the event any funds subsequently should be found not accounted for. He specifically waives the opportunity to be heard in opposition to any order of restitution.

Under the circumstances herein, the resignation of Selig Rosenzweig as a member of the Bar is accepted and directed to be filed. Accordingly, Selig Rosenzweig is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and MILLER, JJ., concur.

Ordered that the resignation of Selig Rosenzweig is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Selig Rosenzweig is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Selig Rosenzweig shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Selig Rosenzweig is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself

out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Selig Rosenzweig is directed to make restitution in the amounts set forth to the following persons whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of said misappropriation or misapplication:

1) $95,000 to Joan and Michael Friedman; and

2) $9,000 to Mr. and Mrs. Ralph Silvers;

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.